UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DENNIS WATKINS,

                              **Plaintiff,**                    13-CV-03267 (GBD)(SN)

              -against-                               **OPINION AND ORDER**

CAPTAIN MERCHESE, et al.,

                              **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      By letter dated October 28, 2013, *pro se* plaintiff Dennis Watkins moves the Court to grant his request for *pro bono* counsel. Liberally construing his letter, Watkins alternatively requests that the Court stay the case until he is released from prison. For the reasons set forth below, the motion is denied without prejudice.

      A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Burgos, 14 F.3d at 789; 28 U.S.C. § 1915(e).

      The factors to be considered in ruling on a motion for *pro bono* counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> [c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts

perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

Here, Watkins filed this action, seemingly pursuant to 42 U.S.C. § 1983, alleging that he was beaten, kicked, punched, and dragged by Manhattan Detention Center personnel. The merits of Watkins's case are not so apparent at this stage of the litigation as to warrant the appointment of counsel. It is clear, moreover, that Watkins's search to obtain counsel has not been exhaustive. Accordingly, the Court denies Watkins's application for *pro bono* counsel without prejudice.

Furthermore, Watkins's alternate request for a stay of proceedings until his release from prison is also DENIED. See Fed. R. Civ. P. 1 (the Court shall administer the rules of procedure "to secure the just, *speedy* and inexpensive determination of every action and proceeding") (emphasis supplied).

As for the discovery issues raised in the letter, the parties are to exchange letters regarding any outstanding discovery disputes before they are presented to the Court. If after an exchange of letters there is still disagreement, the parties are directed to notify the Court, at which time the Court will hold a telephone conference.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         November 4, 2013


cc:   Dennis Watkins (*By Chambers*)
      Upstate Correctional Facility
      P.O. Box 2001
      Malone, NY 12953