**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DENNIS WATKINS,                              :

               Plaintiff,                :

                            :

        -v-                             :

CAPTAIN MARCHESE, et al.,                    :

              Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** JUL 31 2015

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

13 CIV. 3267 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Dennis Watkins brings this action under 42 U.S.C. § 1983 and state law against the following members of the New York City Department of Correction: Captain Merchese, Captain Kurtaj, Correction Officer Thompson, Correction Officer Davis, and Doctor Eugenio Mateo (collectively, the "Defendants"). Plaintiff alleges the Defendants engaged in the use of excessive force and denied him medical care. (Compl. at 3, ECF No. 2.) The Defendants move to dismiss the Plaintiff's complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 90.) Before this Court is Magistrate Judge Sarah Netburn's June 17, 2015 Report and Recommendation ("Report"), in which she recommended that this Court grant the Defendants' motion to dismiss. (ECF No. 114.) Magistrate Judge Netburn's recommendation to dismiss this case is adopted. The Defendants' motion to dismiss for failure to prosecute is hereby GRANTED.

<u>RELEVANT FACTS</u>

    Plaintiff was incarcerated at the Manhattan Detention Center during the incident at issue. Plaintiff claims that, on or about July 16, 2012, Defendants Merchese, Kurtaj, Davis and Thompson beat him after he suffered a seizure and left him in a bus that was over 100 degrees Fahrenheit. Plaintiff also alleges that Defendant Mateo endangered his life by allowing the

1

officers to move him to the bus following the seizure, despite Defendant Mateo's alleged

awareness of Plaintiff's history of heat stroke, seizures and asthma. (*See* Report at 2); (*see also*

Transcript of October 6, 2013 Conference at 16:15-19:12, ECF No. 34.) The instant action was

filed to redress Plaintiff's claimed injuries.

In prosecuting this case, Plaintiff has refused to comply with two sets of court orders: (1)

orders to execute medical releases; and (2) orders to be deposed under oath. (*See* Report at 15.)

First, Plaintiff ignored repeated court orders to complete the requisite medical releases.[1] (*Id.* at 3-

8.) Second, during his September 9, 2014 deposition, Plaintiff refused to answer any further

questions until certain demands were met, despite two phone calls to Magistrate Judge Netburn's

chambers and her verbal orders to complete the deposition. (*Id.* at 9-10.)

On October 17, 2014, the Defendants filed the instant motion to dismiss. (*See* ECF No.

90; Mem. in Support of MTD, ECF No. 92.) In opposition, Plaintiff argues that (i) any delay in

prosecuting his case was due to his incarceration and inability to obtain the services of a notary,

and (ii) his refusal to answer questions at his deposition was due to illness or trauma. (*See* Opp'n,

ECF No. 98.) Defendants respond that Plaintiff's refusal to sign the medical releases under his

proper name delayed this case, and that the record reflects the failure to complete the deposition

was due to an ongoing "pattern of obstinate obstruction," not illness or trauma. (*See* Reply at 2-4,

ECF No. 105.)[2]

Due to the large volume of Plaintiff's filings in this litigation (and other actions in this

district), Magistrate Judge Netburn issued on order on November 7, 2014 stating that, "unless there

---

[1] On October 7, 2013, Magistrate Judge Netburn ordered that the medical releases be executed; however, Plaintiff did not produce the releases until his September 9, 2014 deposition. (*See* Report at 15.)

[2] The Defendants' Reply papers note that a separate November 1, 2014 letter filed by Plaintiff in this action also opposes the instant motion to dismiss. (*See* ECF No. 101.)

is an absolute emergency . . . an appropriate order responding to letters filed in this case" would issue "at the beginning of every month." (ECF No. 97.)

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 27); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report's recommendation to dismiss this case.

## LEGAL STANDARD FOR FAILURE TO PROSECUTE

"The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). This obligation "is imposed because of the strong policy favoring prompt

3

disposition of cases." *Id.* Rule 41(b) authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "The fact that [a] plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner." *Norfleet v. City of New York*, 12 Civ. 4637(ER), 2015 WL 765948, at *4 (S.D.N.Y. Apr. 7, 2014) (quotation omitted).

In *Baptiste v. Sommers*, the Second Circuit held that district courts must weigh five factors when deciding whether to dismiss an action under Rule 41(b): "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive in this inquiry. *Id.* The court need not make "exhaustive factual findings," but should support its decision with adequate reasoning. *See id.* at 217. Even where a plaintiff fails to comply with a court order that includes notice of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault by evaluating" the relevant five factors. *Id.* at 217 (citation and internal quotation marks omitted).

### DISMISSAL UNDER RULE 41(B)

In this case, all five *Baptiste* factors weigh in favor of dismissal. First, dismissal is warranted given the protracted duration of Plaintiff's failure to comply with court orders and his dilatory tactics in litigating this case. Eleven months passed from Magistrate Judge Netburn's October 7, 2013 order to execute the medical releases and the eventual production of these

documents on September 9, 2014.  Moreover, midway through his deposition, Plaintiff elected not to answer any further questions even though Magistrate Judge Netburn specifically ordered him to complete this proceeding.  The approximately year-long duration of the failure to prosecute is the result of Plaintiff's deliberate and "steadfast decision to be contumacious," and cannot be excused by any feigned illness or trauma.[3]  (*See* Report at 16-17.)

Second, Plaintiff persisted in his refusal to meet his discovery obligations despite numerous warnings that his actions could lead to dismissal of his case.  Plaintiff was afforded ample notice of this possibility in the form of six written orders[4] as well as verbal warnings during his deposition.[5]  Accordingly, this factor clearly weighs in favor of dismissal.

Third, the record shows that Plaintiff has caused (and would continue to cause) prejudice to the Defendants, which further weighs in favor of dismissal.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater."  *Lyell Theatre Corp.*, 682 F.2d at 43 (internal citations omitted).  Here, the delay was neither moderate nor excusable.  *See id.*  Instead, as Magistrate Judge Netburn correctly recognizes, Plaintiff's dilatory tactics have hindered the Defendants' abilities "to defend against these claims and clear their names and professional reputations given the serious nature of the charges they face."  (Report at 19.)

---

[3] (*See* Declaration of Daniel Passeser, Ex. A ("Watkins Dep.") at 143:6-16 (emphasis added), ECF No. 91-1:
A: If I can't [interview certain witnesses], then I'm not going any further.  Why don't you call up the judge?
Q: Is that what you want?
A: Yes, it is.  Call up the judge and find out.
Q: Just before I call, you're refusing to answer any further questions?
A: *Until I can interview my witnesses.  I'll answer them today if [Magistrate Judge Netburn] says you can interview my witnesses.*)

[4] (See Report at 3-8 (noting six court orders dated December 12, 2013; February 26, 2014; March 17, 2014; May 7, 2014; June 27, 2014; and July 23, 2014 warning Plaintiff his noncompliance could result in dismissal).)

[5] (*See, e.g.*, Watkins Dep. at 62:7-9 ("JUDGE NETBURN: If Mr. Watkins does not answer the questions under oath, [the case] will be dismissed.").)

"Significant public resources," at the city's expense, were also spent in arranging and sending an attorney to the failed deposition. (*Id.*)

Fourth, dismissing this case achieves the appropriate balance between the interests of this Court and that of Plaintiff. While "[e]ach plaintiff has a right to his day in [c]ourt," this right is "qualified by the obligation to comply with lawful [c]ourt orders." *George v. City of New York*, No. 12 Civ. 6365 (PKC)(JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013). Plaintiff has been afforded—but has expressly declined—multiple opportunities to comply with Magistrate Judge Netburn's orders. He has also inundated the court with what can only be characterized as "irrelevant or obstructionist filings," *see Baptiste*, 768 F.3d at 218 (quotation omitted), to the point that Magistrate Judge Netburn had to establish a separate protocol of addressing Plaintiff's filings on a monthly basis absent an emergency. (*See* ECF No. 97; *see also* Report at 20 (noting that the docket contains "113" entries for this case, which involves "relatively simple allegations that never got past the plaintiff's deposition").) Here, this Court's interest in managing its docket outweighs Plaintiff's interest in being heard.

Finally, on this record, a less drastic sanction other than dismissal would not be effective. Not only has Plaintiff willfully ignored numerous court orders, but he has also espoused vitriolic comments about the court and opposing counsel demonstrating that his disobedient behavior would continue.[6] Because Plaintiff "has given every indication that he will ignore all lesser

---

[6] (*See, e.g.*, Plaintiff's December 9, 2013 Letter at 1, ECF No. 40 (emphasis in original) ("I Dennis Watkins am the acting agent for the person and I charge a fee of $25,000 dollars in gold and silver coin, and will charge you Judge Sarah Netburn $2,500 dollars for ever[y] order you give to me, if and which I choose to ful[]fill so please stand down this is not your case and [you] are not invited."); Watkins Dep. at 162:14-162:25 ("I am not obligated to listen to your order. I am not obligated. You know what? Goodbye. Hang up, goodbye. I'm not finishing."); Plaintiff's December 1, 2014 Letter at 4, ECF No. 103 (emphasis in original) ("I will run you over if you get in my way [defense counsel]. I will do my best to have you disbarred.").)

sanctions," the fifth factor also weighs in favor of dismissal.  (Report at 21.)[7]

CONCLUSION

Magistrate Judge Netburn's recommendation to dismiss this case under Rule 41(b) is adopted.  The Defendants' motion to dismiss for failure to prosecute is GRANTED.  The instant action is DISMISSED.

The Clerk of the Court is directed to close the motion at ECF No. 90, and this case.

Dated: New York, New York
      July 31, 2015

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[7] Magistrate Judge Netburn has also recommended an appropriate alternative ground for dismissal under Rule 37(b)(2) for failure to obey a discovery order.